IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:19-CV-155-BO

| | | |
|---|---|---|
| EVETTE MARIE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NOVANT HEALTH BRUNSWICK | ) | |
| MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motions for extension of time and for default judgment and defendant's motion to dismiss. For the following reasons, plaintiff's motions are denied and defendant's motion is granted.

## BACKGROUND

On August 19, 2019, plaintiff Evette Marie Johnson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) against defendant Novant Health Brunswick Medical Center. Plaintiff claims that she "was discriminated against because of [her] race, Black," in violation of title VII, between December 17, 2018 and February 19, 2019. In the charge, plaintiff checked the boxes for "Race" and "Retaliation," and she alleged that she suffered discrimination or retaliation based on her race when she received disciplinary action on December 17, 2018, January 4, 2019, and February 11, 2019 and when she was terminated from her employment on February 19, 2019. The EEOC dismissed the charge with a no-cause finding and issued a notice of right to sue on October 2, 2019.

Plaintiff filed suit in this Court on August 20, 2019, claiming that she suffered discrimination based on her race, religion, sex, and national origin during her employment with defendant. In response to an order from Magistrate Judge Kimberly A. Swank, plaintiff filed a particularized complaint on December 9, 2019. Judge Swank filed a Memorandum & Recommendation (M&R) recommending that plaintiff's religion and sex-based Title VII claims be dismissed for lack of factual support, and Senior U.S. District Judge Malcolm J. Howard adopted Judge Swank's M&R on September 28, 2020. Therefore, only defendant's Title VII claim that she was discriminated against on the basis of race or national origin remains.

## DISCUSSION

*Motion for Extension of Time*

On May 7, 2021, plaintiff filed a motion to for an extension of time to complete affidavits in support of her claims. Considering the disposition below, this request is moot. Therefore, defendant's motion for extension of time is denied.

*Motion for Default Judgment*

Plaintiff moved for default judgment on July 19, 2021. Because default judgment may not be considered prior to the entry of default, the Court construes plaintiff's *pro se* motion as a motion requesting entry of default pursuant to Fed. R. Civ. P. 55(a). An entry of default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Fourth Circuit has "expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010).

2

Here, plaintiff argues that defendant's failure to file a response within the required time subjects the claim to entry of default. However, defendant has appeared in this case and filed a motion to dismiss plaintiff's remaining claim. Therefore, in these circumstances, entry of default is not appropriate. *See Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (denying motion for default judgment because defendants filed a motion to dismiss prior to plaintiff filing the motion for default judgment, even though the motion to dismiss was untimely); *United States v. Riggs*, No. 4:18-CV-128-BO, 2018 U.S. Dist. LEXIS 191806, at *2 (E.D.N.C. Nov. 9, 2018) (denying plaintiff's motion for entry of default where the defendant submitted a letter response denying the allegations against him). Plaintiff's motion for default judgment is denied.

*Motion to Dismiss*

Defendant has moved to dismiss plaintiff's complaint for failure to state a claim pursuant to Rule 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. The complaint must plead sufficient facts to allow a court, drawing on judicial experience and common sense, to infer

3

more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Defendant argues in its motion that plaintiff's charge of discrimination filed with the EEOC was untimely. "Title VII directs that a charge shall be filed with the EEOC by or on behalf of a person claiming to be aggrieved within 180 days after the alleged unlawful employment practice occurs." *Fort Bend Cty. v. Davis*, 139 S. Ct. 1843, 1846 (internal quotations omitted) (alterations in original); *see AMTRAK v. Morgan*, 536 U.S. 101, 109–110 (2002) (holding that claimant must file an EEOC charge within 180 days after each "discrete" act of discrimination, including termination). Although it is not a jurisdictional requirement, the 180-day time limit is a mandatory deadline, and "a claim is time barred if not filed within these time limits." *Id.* at 109. The time limit bars any claim not filed within the time limit, even if it is only one day late. *Taylor v. Gen. Tel. Co.*, 759 F.2d 437, 442 (dismissing a case when plaintiff miscalculated the filing period and filed the charge with the EEOC one day late); *Graham v. Univ. Radiology Grp.*, No. 3:18-cv-8616-BRM-DEA, 2020 U.S. Dist. LEXIS 173523, at *30 ("The Third Circuit strictly construes these periods and has held that 'even one day late is time-barred and may be dismissed.'") (quoting *Mosel v. Hills Dep't Store, Inc.*, 789 F.2d 251, 252 (3rd Cir. 1986)). Equitable tolling is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitations period against the party and gross injustice would result." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

4

In her complaint, plaintiff alleges that the latest date on which she suffered discrimination was on the day defendant terminated her employment, February 19, 2019. DE 6. Because plaintiff filed her charge with the EEOC on August 19, 2019, any discriminatory act that occurred more than 180 days prior to that date, or before February 20, 2019, is time-barred. Therefore, plaintiff filed the charge more than 180 days after each of the alleged acts of discrimination set forth in her complaint. Plaintiff has not asserted any circumstances outside of her control, wrongful conduct on the part of defendant, or other extraordinary circumstances that would justify equitable tolling. *See Harris*, 209 F.3d at 330 (equitable tolling has generally been applied where "plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant" or where "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time"). Therefore, plaintiff's claims are time-barred and must be dismissed.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for extension of time [DE 17] is DENIED as MOOT and plaintiff's motion for default judgment [DE 26] is DENIED. Defendant's motion to dismiss [DE 18] is GRANTED. This action is DISMISSED. The Clerk is DIRECTED to close the case.

SO ORDERED, this __19__ day of August, 2021.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE